UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SCOTT GREANEY,<br><br>    Plaintiff,<br><br>v.<br><br>AMANDA BEAL, in her official capacity as Commissioner of the Maine Department of Agriculture, Conservation, and Forestry; and MICHAEL DUGUAY, in his official capacity as Commissioner of the Maine Department of Economic and Community Development,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1.      Farming has always been a noble profession, grounded in merit. The soil does not reward a person for race or pedigree. And livestock respond only to the competence and care of the hand that feeds them, not its color. Yet the state of Maine measures would-be stewards of its agricultural investments by racial classifications rather than expertise or experience. Like this profession where the ability to command nature is blind to such distinctions, public service should be no different.

2.      Maine's Agriculture, Food System and Forest Products Infrastructure Investment Fund (the "Fund") is responsible for infusing capital into communities to strengthen the state's agricultural, food, and forest products industries. Members of its Advisory Board are appointed from a range of sectors within these industries. For two of the board seats, Maine also imposes racial qualifications. These racial qualifications rest on the demeaning premise that citizens of a particular race are somehow more qualified than others to oversee and determine fund expenditures

1

that impact all Mainers. The discrimination rests, too, on blatant stereotyping of the "interests" of individuals based solely on their race.

3. Plaintiff Scott Greaney is a turkey farmer with over forty years' experience. He has too often witnessed the unintended consequences of unwarranted government interference in his profession. He believes that government investments in agriculture deserve fair scrutiny, and Mr. Greaney's experience and expertise would help keep expenditures from the Fund grounded in practical, achievable projects. He is ready, willing, and able to be appointed to the Advisory Board for the Fund. But he cannot even be considered for appointment because he does not meet Maine's racial qualifications.

4. Mr. Greaney brings this action to vindicate his rights of citizenship and his right to equal protection. The Fourteenth Amendment guarantees that citizens will not be subject to a hierarchy. And it further requires the government to treat citizens as individuals—not as members or representatives of a racial group. These constitutional guarantees are violated by the racial qualification in 7 M.R.S.A. § 320-C(2)(L) that requires Defendants to consider race and excludes Mr. Greaney and other Mainers from consideration for appointment to the Advisory Board.

## JURISDICTION AND VENUE

5. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to these claims have occurred or will occur in the District of Maine.

## PARTIES

7. Plaintiff Scott Greaney is a farmer with over forty years of experience raising turkeys in Mercer, Somerset County, Maine. After gaining expertise by studying animal and food science, Mr. Greaney started Greaney's Turkey Farm, where he implements humane raising and processing of poultry. He is not a member of a historically underserved racial population in nondairy farming. Mr. Greaney has witnessed the unintended consequences of government incentives in agriculture and has the expertise to bring a keen eye to overseeing and determining expenditures from the Fund. He is ready, willing, and able to be considered for the Advisory Board but is categorically ineligible for consideration because of his race.

8. Defendant Amanda Beal is Commissioner of the Maine Department of Agriculture, Conservation and Forestry. As the Commissioner, Defendant Beal is jointly responsible for appointing members to the Board and implementing and enforcing the racial qualifications for appointment. Defendant Beal is sued in her official capacity only.

9. Defendant Michael Duguay is Commissioner of the Maine Department of Economic and Community Development. Together with Defendant Beal, Defendant Duguay is responsible for appointing members to the Board and implementing and enforcing the racial qualifications for appointment. Defendant Duguay is sued in his official capacity only.

## FACTUAL ALLEGATIONS

10. The Maine Legislature established the Agriculture, Food System and Forest Products Infrastructure Investment Fund in 2023. 7 M.R.S.A. § 320-A. The Fund is intended to support public-private partnerships to strengthen Maine's agricultural products economy by promoting capital for businesses and by expanding infrastructure investments and technical assistance programs. 7 M.R.S.A. § 320-A to 320-B.

11. The Fund has an Advisory Board that oversees and determines expenditures from the Fund. *Id.*

12. The Board is comprised of seventeen members: the Commissioner of the Department of Agriculture, Conservation and Forestry (or the Commissioner's designee); the Commissioner of the Department of Economic and Community Development (or the Commissioner's designee); and fifteen other members jointly appointed by both commissioners. 7 M.R.S.A. § 320-C(2). The fifteen members are to be as follows:

13. One member must be from a statewide conventional nondairy farming industry group. *Id.*

14. One member must be from a statewide organic nondairy farming industry group. *Id.*

15. One member must be from a statewide industry group that represents dairy producers. *Id.*

16. One member must be from a statewide forest products industry group. *Id.*

17. Two members must be from financial institutions with experience in the agricultural and forest industries. *Id.*

18. One member must be a forest product manufacturer. *Id.*

19. One member must either be a representative of the value-added agricultural products industry or a manufacturer of such. *Id.*

20. Two members must represent the supply chain in processing, manufacturing, or distribution. *Id.*

21. One member must be currently engaged in marketing assistance or development, or business and financial planning. *Id.*

22. One member must be from a statewide logging and trucking industry group. *Id.*

23. One member must be from a federally recognized Indian nation, tribe or band in Maine. *Id.*

24. The final two appointments are reserved for members who "represent historically underserved racial populations in nondairy farming." *Id.* These seats are referred to as "Seat 16" and "Seat 17."

25. Individual conventional and organic nondairy farmers like Mr. Greaney are not eligible for a seat on the Board unless they are either members of a statewide industry group or represent the government's favored racial populations. *See id.*

26. Terms for each appointment are three years and members may not serve more than two consecutive terms. 7 M.R.S.A. § 320-C(3).

27. Appointments to the Board began in December 2024 and the current members occupying Seats 16 and 17 were appointed December 12, 2024.

28. The terms of the current members occupying Seats 16 and 17 are scheduled to end December 11, 2027; the next opportunity for appointment could arise even sooner if the current members vacate their seats.

29. On December 11, 2025, Mr. Greaney contacted Fund Director, Craig Lapine, to express his desire to be considered for appointment on the Board.

30. Mr. Greaney is ready, willing, and able to be considered for appointment to the Board but is categorically excluded from consideration for Seats 16 and 17 on account of his race.

31. Mr. Greaney does not qualify for any other seat on the Board.

## CLAIMS FOR RELIEF

### First Cause of Action

**7 M.R.S.A. § 320-C(2)(L) Violates the Equal Protection Clause
of the Fourteenth Amendment to the United States Constitution**

32. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

33. An actual and substantial controversy exists between Plaintiff and Defendants. Plaintiff has the right to be considered for appointment to the Board free from consideration of his race.

34. The Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

35. 7 M.R.S.A. § 320-C(2)(L) requires Defendants to consider the race of potential appointees and to exclude from consideration individuals of disfavored races.

36. Governmental classifications on the basis of race violate the Equal Protection Clause unless they are narrowly tailored to a compelling governmental interest.

37. The racial qualification in 7 M.R.S.A. § 320-C(2)(L) does not serve a compelling government interest.

38. The racial qualification in 7 M.R.S.A. § 320-C(2)(L) does not remediate any specific instances of racial discrimination that violated the Constitution or statutes.

39. Even if the racial qualification in 7 M.R.S.A. § 320-C(2)(L) served a compelling government interest, it is not narrowly tailored to remediating specific, identified instances of past discrimination.

40. The racial qualification in 7 M.R.S.A. § 320-C(2)(L) uses race as a negative.

41. The racial qualification in 7 M.R.S.A. § 320-C(2)(L) stereotypes individuals on the basis of race, mandates racial discrimination, and has no end date.

42. Plaintiff has been and will continue to be harmed by Defendants' racial discrimination absent an injunction prohibiting Defendants' enforcement of the racial qualification in 7 M.R.S.A. § 320-C(2)(L).

43. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of the racial qualification in 7 M.R.S.A. § 320-C(2)(L).

**Second Cause of Action**

**7 M.R.S.A. § 320-C(2)(L) Violates the Citizenship Clause  
of the Fourteenth Amendment to the United States Constitution**

44. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43 as though fully set forth herein.

45. The Fourteenth Amendment to the United States Constitution provides: "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside." U.S. Const. amend. XIV, § 1.

46. The Citizenship Clause guarantees all the rights of citizenship to every citizen of the United States, including all the rights of citizenship of the state wherein he or she resides.

47. The right to be considered for appointment to state boards and commissions is a right of citizenship.

48. The racial qualification in 7 M.R.S.A. § 320-C(2)(L) requires Defendants to deny some Maine farmers a right of citizenship while extending that right to others.

49. The denial of a right of citizenship to a citizen of the United States violates the Citizenship Clause of the Fourteenth Amendment and is subject to heightened judicial scrutiny.

7

50. Plaintiff has been and will continue to be harmed by Defendants' racial discrimination absent an injunction prohibiting Defendants' enforcement of the racial qualification in 7 M.R.S.A. § 320-C(2)(L).

51. Plaintiff is therefore entitled to prospective declaratory and permanent injunctive relief against continued enforcement of the racial qualification in 7 M.R.S.A. § 320-C(2)(L).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. A declaration that the racial qualification in 7 M.R.S.A. § 320-C(2)(L) violates the Equal Protection Clause and the Citizenship Clause of the Fourteenth Amendment to the United States Constitution.

2. A permanent prohibitory injunction forbidding Defendants and Defendants' officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with Defendants from enforcing, or attempting to enforce, the racial qualification in 7 M.R.S.A. § 320-C(2)(L).

3. An award of attorney's fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988.

4. An award of nominal damages in the amount of $1.00.

5. Such other relief as the Court deems just, necessary, or proper.

DATED: December 12, 2025.

          Respectfully Submitted,

          <u>/s/ Benjamin Hartwell</u>
Benjamin Hartwell
Me. Bar No. 006619
Hartwell Legal, PLLC
33 Harding Bridge Road
Gorham, ME 04038
ben@hartwelllegal.law
(207) 800-1919

Samantha Romero-Drew*
Cal. Bar. No. 344476
Laura D'Agostino*
Va. Bar No. 91556
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
sromero@pacificlegal.org
(202) 558-0694
ldagostino@pacificlegal.org
(916) 503-9010

*Attorneys for Plaintiff*
*\* Pro Hac Vice motions forthcoming*